**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BILLY MILES, B75226,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| | ) | **Case No. 26-cv-989-DWD** |
| **vs.** | ) | |
| | ) | |
| **MENARD CORR. CTR., ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Billy Miles, an inmate of the Illinois Department of Corrections (IDOC), currently detained at Joliet Treatment Center, brought the above-captioned civil rights actions pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights concerning the conditions of confinement at Menard Correctional Center. The case was filed in the Northern District of Illinois, and Miles listed co-plaintiff Travius Tucker at the time of filing. The case was transferred to the undersigned because the events arose at Menard and thus venue in the Southern District of Illinois is proper. (Doc. 7). Upon transfer, the Court learned that co-plaintiff Tucker had no knowledge of this suit and did not wish to proceed. (Docs. 13, 14, 15). Accordingly, Tucker was dismissed from this action and the sole remaining Plaintiff is Billy Miles. This is problematic because Mr. Miles is the subject of a filing ban in this District that the undersigned imposed in *Miles v. Mitchell, et al.*, Case No. 25-cv-12. Pursuant to the filing ban:

> Plaintiff has filing fees of $11,374.57 in this District. He must pay these filing fees in full before any new civil litigation (or any papers in his closed civil cases) may be filed in this District. The Clerk of Court is **DIRECTED** to return all civil pleadings unfiled until Plaintiff's filing fees are paid.
>
> This filing restriction does not apply to any document submitted to appeal this filing restriction in this case, habeas corpus filings, filings made in any criminal case, or filings as a defendant in a civil case. This filing restriction also DOES NOT apply to Plaintiff's filings in the two civil cases that Plaintiff is still actively pursuing—*Miles v. Mitchell*, Case No. 23-cv-3568 (Miles 7) and *Miles v. Mitchell*, Case No. 23-cv-3572-NJR (Miles 11).
>
> If Plaintiff is unable to pay his fees in full, he may apply in writing to lift or modify this filing restriction no sooner than two years from the date of this Order. He must do so by filing a written request with the undersigned bearing Case Number 25-cv-12-DWD. His request must explain why he has not been able to pay the fees despite his best efforts to do so. By contrast, if Plaintiff pays all of his fees, he may apply for the ban to be lifted or modified on or after the date that he has paid all fees.

*Miles v. Mitchell, et al.*, Case No. 25-cv-12 (Doc. 5).

At present, Mr. Miles has not yet paid the balance of his filing fees, and it is too early for him to seek to lift the restriction because it was imposed on February 4, 2025, and will not be eligible for reconsideration until at least February 4, 2027. Therefore, this matter will now be summarily dismissed.

A filing fee is incurred at the time a case is filed, and Plaintiff Miles has not paid the $405 fee. He applied to proceed *in forma pauperis* (Doc. 3), but he has three strikes and his complaint does not demonstrate an imminent danger warranting waiving the filing fee. Specifically, the complaint alleges that Plaintiff was unhappy because he lacked a chair or writing surface in his cell at times in 2023 and 2024. The lack of furniture does not present an imminent danger, and even if it did, Plaintiff is no longer housed at Menard. Therefore, Plaintiff's Motion to Proceed *in forma pauperis* is **DENIED** and the

Clerk of Court shall enter an order directing the trust fund officer to remit the full $405 filing fee.

## Disposition

**IT IS HEREBY ORDERED THAT** the above-captioned case is summarily dismissed pursuant to the filing restriction in *Miles v. Mitchell*, 25-cv-12.

The Clerk of Court is **DIRECTED** to collect the $405 filing fee in this case. Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 3) is **DENIED** because Plaintiff has three strikes and did not demonstrate imminent danger. Finally, Plaintiff's Motion for Recruitment of Counsel (Doc. 4) is **DENIED as MOOT** in light of the disposition of this case.

**IT IS SO ORDERED.**

Dated: August 31, 2026

DAVID W. DUGAN
United States District Judge